IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

JACQUELYN DANSBY,                    :
                                     :
     Plaintiff,                      :
                                     :
v.                                   :        Civil Action File No.
                                     :        4:25-cv-00484-CDL
                                     :
WALMART INC. d/b/a                   :
SAM'S CLUB; STEVE SWOPE; and         :
MADELINE TORRES ORTIZ,               :
                                     :
     Defendants.                     :

CONSENT PROTECTIVE ORDER

By agreement of the parties, and for good cause, the Court finds that a protective order should be entered pursuant to Fed. R. Civ. P. 26(c), O.C.G.A. §9-11-26, and O.C.G.A. §10-1-761(4) for the purpose of protecting commercial and confidential information and trade secrets of Defendant Wal-Mart Inc. d/b/a Sam's Club, and of all other Wal-Mart and Sam's Club entities.

1.

This protective order shall apply to documents and to other things marked "CONFIDENTIAL" by Defendant prior to production in this matter, as well as to the testimony of Defendant's corporate representative concerning same.

2.

All such documents, things, and testimony produced by Defendant pursuant to paragraph 1 above shall be used only in the course of the above-captioned proceedings. All such documents, things, and testimony produced by Defendant pursuant to paragraph 1 shall not be used, or provided for use, in any other litigation or proceedings; and shall not be published (orally, electronically, or by any other means) to any person, except as designated herein.

3.

Any counsel of record in this action may disclose protected materials and information to their employees to whom it is necessary that the material be disclosed for purposes of this litigation. The counsel making such a disclosure must ensure that the individual has read a copy of this Protective Order and agrees to be bound by its provisions.

4.

Before receiving access to any materials or information within the scope of this Order, any person not employed by a party or its counsel shall execute a "Written Assurance" in the form contained in Exhibit A, attached hereto. All parties and their respective counsel who permit access to Protected Documents to such a person shall retain each such executed "Written Assurance" and shall keep

a list identifying all persons described in this paragraph to whom protected documents have been disclosed.

5.

Any party contesting whether or not a document or thing should be marked "CONFIDENTIAL" will notify Defendant, via its counsel, in writing and specifically identify which document he/she contends should not be marked "CONFIDENTIAL." The parties then will have seven (7) business days after receipt of the aforementioned notification to resolve the dispute without Court intervention. If the parties are not able to resolve the dispute within seven (7) business days, the party contesting the "CONFIDENTIAL" designation shall submit the document or thing, under seal, to the Court for an in-camera inspection and final decision as to whether or not the document should remain "CONFIDENTIAL."

6.

Each party agrees that before filing with the Clerk of Court any paper (including, without limitation, an affidavit, memorandum, or motion) that discloses, directly or indirectly, all or part of any document or thing described in paragraph 1 above, such paper shall be filed under seal and labeled "CONFIDENTIAL."

7.

Upon conclusion of this action, counsel for all parties shall return to counsel for Defendant, at Defendant's expense, the original and all copies made of such documents and materials described in paragraph 1 above.

8.

After the final termination of this action, the restrictions on communication and disclosure provided for herein shall continue to be binding upon the parties and all other persons to whom documents designated as confidential or information contained therein have been communicated or disclosed pursuant to this Order or to any other order of this Court.

9.

It is understood that if any person knowingly violates this Protective Order, said person shall pay such penalties to Defendant as the Court deems appropriate, including any attorneys' fees or expenses associated with the prosecution of said violation, and any other sanctions that the Court finds appropriate under the circumstances.

- Signature page follows -

ADDED BY THE COURT:  THE COURT ADOPTS THE FOREGOING CONSENT ORDER WITH THE FOLLOWING CAVEAT:  NOTHING IN THIS ORDER ALTERS THE COURT'S PREVIOUS ORDER REGARDING CONFIDENTIALITY, AND THE PARTIES SHALL COMPLY WITH THAT ORDER'S REQUIREMENTS.  SEE Rules 16 and 26 Order, "Orders Regarding Confidentiality," at p. 9 (ECF No. 3).

SO ORDERED this 26th day of May, 2026.


_____
S/Clay D. Land

The Honorable Clay D. Land
United States District Court

| LAW OFFICE OF PAUL R. BENNETT | McLAIN & MERRITT, P.C. |
|---|---|
| /s/ *Paul R. Bennett* <br> (with express permission, AAB) <br> Paul R. Bennett <br> Georgia Bar No. 051629 <br> Attorneys for Plaintiff Jacquelyn Dansby <br> 812 Broadway, P.O. Box 11 <br> Columbus, GA 31902 <br> Phone (706) 327-7571 <br> Fax (706) 327-2687 | /s/ *Ashley A. Bagiatis* <br> Ashley A. Bagiatis <br> Georgia Bar No. 141360 <br> Counsel for Defendant <br> 3445 Peachtree Road, N.E. <br> Suite 500 <br> Atlanta, GA  30326-3240 <br> (404) 266-9171 <br> aabagiatis@mmatllaw.com |

**EXHIBIT "A"**

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| JACQUELYN DANSBY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action File No. |
| | : | 4:25-cv-00484-CDL |
| | : | |
| WALMART INC. d/b/a | : | |
| SAM'S CLUB; STEVE SWOPE; and | : | |
| MADELINE TORRES ORTIZ, | : | |
| | : | |
| Defendants. | : | |

WRITTEN ASSURANCE

AFFIDAVIT OF _____ (printed

name), being duly sworn and personally appearing before the undersigned attesting

officer, duly authorized by law to administer oaths, deposes and says that the within

statements are true and correct:

1.

I have read the Consent Protective Order attached hereto and I understand its

terms and meanings.

2.

I agree that my signature below submits me to the jurisdiction of the Middle District of Georgia, Columbus Division, in which the above-styled matter is pending, and binds me to the provisions of the Consent Protective Order, including to all promises undertaken in the Order, as if originally agreed to by me.

FURTHER AFFIANT SAYETH NOT.

This _____ day of _____, 20_____.


Signature: _____


_____County

State of _____


SUBSCRIBED AND SWORN to before me
this _____ day of _____, 20_____.


_____
NOTARY PUBLIC
My Commission Expires: